## CHARLOTTE KELLER
vs.
## LIBERTY AUTO AND ELECTRIC CO., INC.

Superior Court          Fairfield County          File #53034

### MEMORANDUM FILED JUNE 7, 1938.

Reich & Reich, of Bridgeport, for the Plaintiff.

Martin E. Gormley, of New Haven, for the Defendant.

BALDWIN, J.   On May 27, 1936 the plaintiff was an employee doing stenographic work for the Colonial Beacon Oil Company at its office in Bridgeport.   This was the fourth day of her employment.

The room in which she was employed was approximately 18 by 36 feet, the entrance to which was at or near one corner at the front end of the room.   In this room were six desks and two tables and a cabinet file.   One of these desks was located at the end of the room near the entrance.   Another desk was located at this same end of the room in the corner opposite to the entrance.   This desk was the one at which plaintiff worked, and when at work she occupied a swivel desk chair with her back toward the rear end of the room.

The filing cabinet and the other desks were arranged along the same side of the room as plaintiff's desk extending back to the rear end of the room.   One of the tables was located on the opposite side of the room from that at which the five desks were located and the other table was located on the same side as the table referred to but at the rear end of the room.

At the time of plaintiff's accident there were eight people

in this room, each of whom was engaged at his respective occupation at a desk or table, with the exception of two persons who were standing within an enclosure formed by a railing in which was a gate at the entrance corner.

The Colonial Oil Company had requested the defendant company to give it an estimate of the cost of connecting an outside fuel oil tank with a heater located in the cellar under the room described and Mr. Easterbrook of the defendant company came to look over the situation and make such estimate. After looking over the outside location of the oil tank he came in to the office to look over the location of the heater. He inquired the way to the cellar of the plant superintendent, who told him of the location of a trapdoor in the floor of the room described.

From underneath this door a ladder descended perpendicularly to the floor of the cellar. This door was flush with the floor of the room. It had no hinges and was opened by taking hold of a ring which was countersunk in its surface and by lifting it from its place, and on this occasion, when opened, it was laid flat upon the floor at the far side of the opening from plaintiff's desk. This door when opened left an open space in the floor 30 by 30 inches and it was located about 12 feet back from plaintiff's desk and about the same distance from the entrance to the room, being about midway between the sides of the room.

Mr. Easterbrook went to this trapdoor, opened it, and descended into the cellar, and in doing this he failed to call attention to any of those engaged at their several employments that he had opened this door and was going to leave it open, while he was in the cellar, or to give any warning whatever of those facts or to place any guard or barrier about it to protect one from walking or falling into this opening.

The plaintiff did not know that any trapdoor was located in this floor nor did she know that it had been opened. At the time that it was opened and until she got up from her desk, she was engaged at her typewriter with her back toward this door.

Completing her work, which was upon paper of legal cap size and included several manifold copies, she took her work from her typewriter and proceeded diagonally across the room toward the rear end to the table at which sat an employee with whom her work was concerned, examining her papers

as she proceeded. This opening in the floor was directly in her path and she had taken but a very few steps before she fell through this opening to the floor below receiving injuries for which this action was brought.

Her fall occurred within a period of time estimated at five minutes, or less, from the time of the opening of this door.

There was no contributory negligence on the plaintiff's part in proceeding across this office floor while examining the papers upon which she had been working.

When Mr. Easterbrook opened this trapdoor and descended into the cellar, in the exercise of reasonable care as a reasonably prudent person he owed to the plaintiff and others engaged at their desks at work in the office the duty of cautioning them of the opening of this door and the danger incident thereto, or of taking some protective measures for their safety and in this he failed and this negligence was the cause of plaintiff's injuries.

"Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." *Dean vs. Hershowitz*, 119 Conn. 398, 407.

Judgment for the plaintiff to recover from the defendant $1,500 damages and her costs.